SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 04-09336 MMM (CWx) | Date | November 22, 2004 |

| Title | *Mihok v. Kenneth Cole Productions, Inc., et al.* |

| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                                               None

**Proceedings:**   **Notice of Procedural Defect in Removal**

On October 13, 2004, plaintiff Claudia Mihok, a California citizen, filed suit in Los Angeles Superior Court against defendants Kenneth Cole Productions ("KCP"), a Delaware corporation with its principal place of business in New York; Gayle Catropa, a New York citizen; Valerie Reif, a California citizen; and assorted Doe defendants. Plaintiff, a former KCP employee, alleges that KCP and two of its supervisory employees unlawfully harassed and retaliated against her, and that they constructively terminated her employment after she was diagnosed with Nonalcoholic Steatohepatitis ("NASH"), a liver disease. Plaintiff alleges that her disease did not affect her employment and that she did not ask for or need any accommodation. She asserts that, nonetheless, following her return to employment, "there appeared to be an organized campaign at Kenneth Cole to force her to quit" as evidenced by the reduction of her store responsibilities, and Catropa's and Reif's attempts to pry into her medical affairs.[1]

On November 12, 2004, KCP removed the case to this court, alleging that the matter falls within the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Neither of the individual defendants joined in KCP's notice of removal. Although there is not complete diversity among the parties, KCP alleges that federal jurisdiction is proper because plaintiff fraudulently joined Reif as a "sham"

---

[1]Complaint, ¶ 11.





defendant in order to defeat diversity.[2] It also asserts that the amount in controversy "more likely than not" exceeds $75,000.[3]

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1446, a defendant must remove an action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). In cases in which there is more than one defendant, all defendants must join in the removal.[4] *Simpson v. Union Pacific R. Co.*, 282 F. Supp. 2d 1151, 1153 (N.D. Cal. 2003); *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 708 (N.D. Cal. 1994). This is commonly known as the unanimity requirement. *Id.*

"Th[e] [unanimity requirement] does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262, n. 11 (5th Cir. 1988); see also *Ford, supra*, 857 F. Supp. at 708, n. 3 (citing *Getty, supra*, 841 F.2d at 1262, n. 11 ("In removals involving multiple defendants, not all defendants must actually file a Notice of Removal. All that is required is that each defendant file a document in which the defendant formally concurs with the removal").

---

[2] Notice of Removal, ¶ 8.

[3] *Id.*, ¶ 11.

[4] Although the Ninth Circuit has held that a failure to remove within thirty days constitutes a waiver of the right to remove (see, e.g., *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1254 (9th Cir.1989)), it has not yet addressed the timing of removal when there are multiple defendants. *McAnally Enters., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1227, n. 6 (C.D. Cal. 2000). Courts that have adopted the majority first-served rule hold that "the unanimity rule precludes removal after thirty days from the date the initial defendant received the complaint regardless whether other defendants were initially named in the complaint but merely served later ('later-served defendants'), or whether other defendants were later added to the action ('later-added defendants')." See *McAnally, supra*, 107 F. Supp. 2d 1223 at 1227, n. 7. Alternatively, "[c]ourts applying the minority last-served rule allow[] each defendant thirty days from the date on which he or she received the complaint" to remove. See *id.* As of this writing, Catropa has neither joined in, nor expressed its consent to, KCP's removal. The majority rule governing timeliness of removal would render KCP's removal defective, since more than thirty days have passed since October 15, the date KCP was served with the complaint. Whether KCP's defective removal may still be cured under the minority rule, however, remains unclear because the court has not been provided evidence regarding the date that Catropa was served with the complaint.

Here, neither Reif nor Catropa has joined in, nor otherwise manifested consent to, KCP's removal. Because KCP asserts that Reif is fraudulently joined, it was not necessary for it to secure her consent to removal. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, . . . the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties'").[5]

Catropa's failure to join in the removal, however, is problematic. Although under the majority rule governing the timeliness of removal, KCP's removal would be defective regardless of the date on which Catropa was served with summons and complaint, it is unclear whether KCP's defective removal could be cured if the minority rule were applied.[6] Whichever rule is applied, there is a substantial question whether Catropa's failure to join in or consent to removal violated the unanimity requirement, and rendered the removal procedurally improper. See *Ford, supra*, 857 F. Supp. at 708, n. 3 (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192, n. 1 (9th Cir. 1988)).

The court, however, cannot *sua sponte* remand a case for a procedural defect in removal. See *Kelton Arms Condominium Owners Association, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Because procedural defects in removal are not jurisdictional, they may be waived. *Id.* Accordingly, if plaintiff does not file a motion for remand by **December 13, 2004**, the court will assume that it waives any procedural objections it would otherwise be entitled to assert to defendant's notice of removal.

---

[5]The court makes no specific finding regarding the propriety of Reif's joinder as a defendant. Rather, it accepts, for present purposes only, the allegation set forth in paragraph 8 of KCP's notice of removal that Reif is a "sham" defendant against whom no cause of action can be stated as a matter of law. (See Notice of Removal, ¶ 8). To the extent the allegation is true, the court may disregard Reif's citizenship in determining the existence of diversity jurisdiction. *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1101 (C.D. Cal. 2002); see also *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent"). To the extent the allegation is not true, Reif's joinder not only destroys complete diversity, but makes removal procedurally improper under 28 U.S.C. § 1441(b). See *International Ins. Co. v. Red and White Co.*, No. C-93-0659 MHP, 1994 WL 706362, * 1 (N.D. Cal. Dec. 12, 1994) ("Transamerica did not join in IMO's removal notice, nor could it have as a citizen of the forum state," citing 28 U.S.C. § 1441(b)). If plaintiff chooses to challenge KCP's fraudulent joinder allegation, she may raise that issue, and the existence of a procedural defect under § 1441(b), in a motion to remand.

[6]See *infra*, note 4.

| CIVIL MINUTES - GENERAL | Initials of Deputy Clerk  |
|---|---|